## Commonwealth v. Smith

*Markin R. Knight*, district attorney, for Commonwealth.

*John C. Youngman*, for defendant.

GREEVY, J., April 23, 1952.—Defendant, Clarence Curtis Smith, was arrested by an officer of the Pennsylvania State Police, and charged with violation of section 1218(*d*) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §783, as amended. The hearing before

the justice of the peace was waived. Testimony has been taken before the court and the court makes the following

### Findings of Fact

1. On February 3, 1952, defendant was driving an automobile in a lawful manner, in a northerly direction, on Route 14.

2. Defendant turned off Route 14 into his private lane and proceeded for a short distance, then stopped.

3. Stephen Renock, of the Pennsylvania Motor Police, the prosecutor, followed defendant into the lane and stopped near defendant's car.

4. The officer was in uniform and was driving a light grey radio car with "Pennsylvania State Police" painted on it.

5. Defendant asked the officer what he wanted and the officer asked to see defendant's owner's card and his operator's license.

6. The officer did not get out of his motor vehicle and did not exhibit a badge to defendant.

7. The officer, even though requested, did not give his name and number and did not tell defendant why the request was made.

8. Defendant did not present to the officer his owner's card and/or operator's license but ordered the officer off of his private property.

9. The officer turned his vehicle around and drove off defendant's property.

### Discussion

In reviewing the testimony in this case the court is of the opinion that insufficient evidence has been introduced to convict defendant beyond a reasonable doubt. Article XII, sec. 1218(d) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, the act under which defendant was arrested, provides:

"It shall be unlawful for any operator of a vehicle to refuse to comply with any lawful order, signal, or direction of a peace officer who shall be in uniform and shall exhibit his badge or other sign of authority."

The officer testified, on cross-examination by attorney for defendant, as follows:

"Q. Did you remain in your automobile at all times during your conversation with the defendant?

"A. Yes, sir.

"Q. Did you exhibit your badge to this defendant?

"A. No, sir.

"Q. What other sign of authority do you contend you exhibited to him?

"A. Pennsylvania State Police automobile.

"Q. You contend the mere fact you were in a Pennsylvania State Police automobile constituted a sign of authority?

"A. Yes, sir, and then there is the shirts and my hat.

"Q. Where was your badge?

"A. In my wallet; we do not have to wear our badges."

The officer gave defendant a lawful order which defendant refused to comply with. The officer was in uniform but the act provides that in addition to the officer being in uniform he shall also "exhibit his badge or other sign of authority". The officer did not exhibit his badge or other sign of authority to defendant and as the facts reveal, the officer refused to state his name and number when requested by defendant. This being a penal statute it must be construed strictly by the court. Under the evidence presented here, and limited strictly to these facts, the court cannot be satisfied beyond a reasonable doubt that defendant violated article XII, sec. 1218 (d) of The Vehicle Code of May 1, 1929, P. L. 905, as amended. This being a criminal case, we are required to give the benefit of such doubt to defendant, and acquit him.

*Conclusions of Law*

The court makes the following conclusions of law:

Clarence Curtis Smith did not violate section 1218(*d*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended.